# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ILLUMINATION MANAGEMENT
SOLUTIONS, INC.,

                          Plaintiff,

v.

RUUD LIGHTING, INC.,

                          Defendant.

Case No. 11-CV-34-JPS

**ORDER**

       On June 22, 2012, plaintiff Illumination Management Solutions, Inc. ("IMS") filed a "Motion to Strike the Defendant's Unclean Hands Affirmative Defense." (Docket #148). In this motion, IMS contends that Ruud Lighting, Inc.'s ("Ruud") unclean hands affirmative defense should be stricken as it merely alleges an unsupported legal conclusion that fails to offer IMS sufficient notice concerning the factual basis for the defense. The court will deny the motion.

       Federal Rule of Civil Procedure 12(f) states that the court may act to strike from a pleading an insufficient defense on its own or on a motion by a party made either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading. Here, IMS's motion to strike clearly was not made within 21 days after being served with Ruud's January 20, 2012 Answer to the Amended Complaint and Counterclaim. Therefore, the motion is egregiously untimely. As such, the court finds it appropriate to deny the motion to strike.

       Moreover, even if the court ignores the untimeliness of the plaintiff's motion, a court should not strike an affirmative defense unless "it appears to

a certainty that [the] plaintiff would succeed despite any state of the facts which could be proved in support of the defense." *Williams v. Jader Fuel Co.,* 944 F.2d 1388, 1400 (7th Cir.1991) (emphasis added). Additionally, motions to strike will generally be denied unless the portion of the pleading at issue is prejudicial. *Heller Fin., Inc. v. Midwhey Powder Co., Inc.,* 883 F.2d 1286, 1294 (7th Cir. 1989).

Here, IMS fails to demonstrate that the affirmative defense is legally insufficient. The defendant's answer provides ample facts to provide context to the specific affirmative defense. Furthermore, the specific affirmative defense coupled with the facts in the answer, while brief, provide notice to the plaintiff of the plausible legal argument that the defendant could raise, and that is all that the defendant is required to do in its pleadings. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (holding that specific facts are not necessary in pleading and that the statement need only give fair notice of what the claim is and the grounds upon which it rests). In short, the plaintiff – who waited until the end of the discovery period to file the instant motion – has not shown that it has been prejudiced by the nature of Ruud's pleadings and has not shown with a certainty that it would succeed on any state of acts proved in support of the unclean hands defense. *Williams,* 944 F.2d at 1400. As such, the court will deny the motion to strike.

Accordingly,

**IT IS ORDERED** that the plaintiff's "Motion to Strike Defendant's Unclean Hands Affirmative Defense" (Docket #148) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 7th day of August, 2012.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge