UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**ILLUMINATION MANAGEMENT SOLUTIONS, INC.,**

Plaintiff,

**-vs-** **Case No. 10-C-1120**

**ALAN RUUD, CHRISTOPHER RUUD, and RUUD LIGHTING,**

Defendants.

---

# DECISION AND ORDER

---

This matter is before the Court on the motion filed by the Plaintiff, Illumination Management Solutions, Inc. ("IMS"), seeking reconsideration of this Court's September 14, 2012, Decision and Order pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, or in the alternative for leave to replead, or in the alternative for certification of the matter for interlocutory appeal.

The Defendants oppose the relief sought by the motion. In a footnote, they renew their request to consolidate the conspiracy claim in this action with the conspiracy claim in Case No. 11-C-34 (E.D. Wis.) and to dismiss that claim pursuant to this Court's prior preemption ruling. (Defs. Resp. IMS Mot. Recons., Mot. Amend, & Alternatively Mot. Certify Interlocutory Order, 2 n.3.) (ECF No. 142.) The request for consolidation is denied because the Defendants have not filed a motion as required by Rule 7(b) of the Federal Rules

of Civil Procedure, nor have they provided a reason that persuades this Court to change its prior denial of their consolidation motion.

**Reconsideration**

Although IMS's motion for reconsideration is phrased broadly, it requests reinstatement of its claims for breach of fiduciary duty, civil conspiracy, aiding and abetting a breach of fiduciary duty, and negligent breach of the duty of care. The Court dismissed those claims as preempted by California's Uniform Trade Secret Act ("CUTSA"), Cal. Civ. Code § 3426, the basis for IMS's sixth cause of action.

The second sentence of Rule 54(b), states that:

> any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

A district court will grant a motion for reconsideration when: (1) the court has patently misunderstood a party; (2) the court has made a decision outside the adversarial issues presented to the court by the parties; (3) the court has made an error not of reasoning but of apprehension; (4) there has been a controlling or significant change in the law since the submission of the issue to the court; or (5) there has been a controlling or significant change in the facts since the submission of the issue to the court. *Bank of Waunakee v. Rochester Cheese Sales Inc.,* 906 F.2d 1185, 1191 (7th Cir. 1990).

Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence. *Caisse Nationale de Credit Agricole*

*v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996). "Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Id.* at 1270.

The substantive legal issues raised by IMS revisit the Court's preemption analysis. In part, IMS rehashes its prior arguments, and in part, IMS seeks a new decision based upon new or revised arguments. The Court's ruling rests on its deliberation of the pleadings, the relevant statute, and the applicable California case law. While IMS's contentions are not devoid of support, its motion is, in essence, a request that the Court reverse its prior determinations by accepting the arguments previously advanced by IMS.

IMS also adds contentions that CUTSA cannot preempt a breach of fiduciary duty because directors could run rampant, freely misusing confidential (but not trade secret) information with impunity. (IMS Mem. Mot. Recons., Mot. Amend, and Alternatively Mot. Certify Interlocutory Order ("IMS Mem."), 5-9.) (ECF No. 137.) IMS also challenges the legal analysis of the courts that have ruled on CUTSA preemption, urging this Court to "rein in" the scope of California preemption. *(Id.* at 14.)

However, reconsideration "is not appropriately used to advance arguments or theories that could and should have been made before the district court rendered a judgment." *LB Credit Corp. v. Resolution Trust Corp*, 49 F.3d 1263, 1267 (7th Cir. 1995). If IMS wished to make these arguments, it could have and should have done so in its opposition brief. To the extent IMS did not, it waived any argument. And, to the extent these arguments have been made before, IMS is not entitled to a do over. Since IMS has not

established that the Court committed a manifest error of law, its motion for reconsideration is denied.

**Amendment of Complaint**

IMS also requests permission to file its proposed third amended Complaint. Courts must freely give leave to amend under Rule 15(a) where interests of justice so require. *McCauley v. City of Chicago,* 671 F.3d 611, 628 (7th Cir. 2011) (citing Fed. R. Civ. P. 15(a); *Foman v. Davis,* 371 U.S. 178, 181-82 (1962)). The liberal policy toward amending pleadings, especially in a first effort to amend, should remain in effect even if a district court elects to enter judgment upon granting a motion to dismiss. See, e.g., *Bausch v. Stryker Corp.,* 630 F.3d 546, 562 (7th Cir. 2010) (holding that the district court erred by entering judgment after a Rule 12(b)(6) dismissal where the plaintiff sought to amend complaint to address perceived mistakes and the proposed amendment to complaint was not futile).

"District courts have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile." *Hukic v. Aurora Loan Servs.,* 588 F.3d 420, 432 (7th Cir. 2009) (internal citation omitted)." A district court should deny a motion for leave to amend if the proposed amendment is futile, as when, for example, the amended pleading would not survive a motion to dismiss. *See, e.g., Arlin-Golf, LLC v. Vill. of Arlington Heights*, 631 F.3d 818, 823 (7th Cir. 2011); *London v. RBS Citizens, N.A.*, 600 F.3d 742, 747 n. 5 (7th Cir. 2010). However, the bottom line is that, while a court may deny

a motion for leave to file an amended complaint, such denials are disfavored. *Bausch,* 630 F.3d at 562.

Civil Local Rule 15(b), which addresses amended and supplemental pleadings, requires that "[a] motion to amend a pleading must state specifically what changes are sought by the proposed amendments." IMS states that the changes are meant to "more specifically describe and highlight the facts that support Defendants' liability for breach of fiduciary duty, aiding and abetting breach of fiduciary duty, civil conspiracy, and negligent breach of the duty of care, and that do not involve the misuse of trade secrets or confidential information." (IMS Mem. 22 n.8.)

Although IMS's proposed Third Amended Complaint does not detail the differences between it and the current Complaint, the description is sufficient. Comparison of the two discloses that additional detail and facts are included in the overview section of the proposed Third Amended Complaint and in the claims for breach of fiduciary duty, civil conspiracy, aiding and abetting breach of fiduciary duty, and negligent breach of the duty of care. (*See* Proposed Third Am. Compl. ¶¶ 1-11, 65(a)-(g).) (ECF No. 136-1.) The amended claims continue to allege actions that involve the misuse of trade secrets or confidential information (*Id*. at ¶¶ 66(a)-(g)).

However, the amended claims explicitly allege actions that *do not involve* the misuse of trade secrets or confidential information and are not comprised of the same nucleus of fact as the CUTSA claim. The alleged actions performed by the Defendants in violation of their fiduciary duties to IMS aside and apart from the taking or misuse of confidential

information include: (a) the failure to disclose to IMS their secret plans to compete with it; (b) misleading IMS regarding product specifications to cause IMS to design products that would be inferior to Defendants' planned competing products; (c) entering into one or more agreements with IMS with no intention to perform; (d) intentionally concealing its intent to compete with IMS in order to obtain IMS's assistance in making light bars so that Ruud Lighting could introduce its line of outdoor lighting products at the 2007 Light Fair trade show; (e) filing patent applications, and ultimately obtaining patents, that were assigned of record to Ruud Lighting with the intention of restricting IMS in its development of business and business opportunities filing of one or more patent applications, and ultimate obtaining of one or more patents, on subject matter that Alan Ruud developed while he was a Director of IMS and that was rightfully owned by IMS without assigning any rights that he may have in such subject matter to IMS; (g) filing of one or more patent applications when the Defendants knew or should have known that one or more claims of such patent application(s) were directed to non-trade secret subject matter invented on behalf of IMS or by IMS personnel such as a parking garage fixture publicly installed in Inglewood, California. (See Proposed Third Am. Compl. ¶¶ 65(a)-(g).) Thus, under the proposed amended Complaint, such claims would not be preempted by CUTSA.

Although the Defendants assert that the amended claim for breach of fiduciary duty is barred by the California statute of limitations, they address only one added allegation regarding the 2007 Light Fair. Thus, the proposed amended breach of fiduciary duty claim does not admit all the ingredients of an impenetrable defense. *See Xechem, Inc. v.*

*Bristol-Myers Squibb Co.,* 372 F.3d 899, 901 (7th Cir. 2004). Having considered the arguments of the parties and the liberal standard for pleading, the Court grants IMS's motion to amend its Complaint and directs that the proposed Third Amended Complaint be filed by the Clerk of Court.

**Certification of Interlocutory Appeal**

Section 1292(b) of Title 28 of the United States Code provides for interlocutory appeals as follows:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

An interlocutory appeal is available only when: (1) an "appeal presents a question of law; (2) it is controlling; (3) it is contestable; (4) its resolution will expedite the resolution of the litigation; and (5) the petition to appeal is filed in the district court within a reasonable amount of time after entry of the order sought to be appealed." *Boim v. Quranic Literacy Inst.,* 291 F.3d 1000, 1007 (7th Cir. 2002). Thereafter, the Court of Appeals has discretion in permitting an appeal from such an order. *See* 28 U.S.C. § 1292(b); *In re Text Messaging Antitrust Litig.,* 630 F.3d 622, 624 (7th Cir. 2010) (stating that the district court must give permission to allow an interlocutory appeal before the Court of Appeals makes a final decision about an immediate appeal). The criteria under 1292(b) are "conjunctive, not disjunctive." *Ahrenholz v. Bd. of Trs. of Univ. of Ill.,* 219 F.3d 674, 676 (7th Cir. 2000).

Section 1292(b) "must be used sparingly lest interlocutory review increase the time and expense required for litigation." *Asher v. Baxter Int'l Inc.*, 505 F.3d 736, 741 (7th Cir. 2007).

The first statutory criterion under § 1292(b) is that there must be a question of law. A "question of law" under section 1292(b) must be a "pure" question of law, "something the court of appeals could decide quickly and cleanly without having to study the record," such as "a question of the meaning of a statutory or constitutional provision, regulation, or common law doctrine . . ." *Ahrenholz,* 219 F.3d at 676-77. Application of a legal standard is a question of law. *In re Text Messaging Antitrust Litig.*, 630 F.3d at 626. The dismissal of the claims at issue does not involve a pure question of law. Instead, it would require the court of appeals to examine the Complaint and the causes of action alleged in that Complaint.

The second statutory criterion under § 1292(b) is that the question of law must be controlling. The cases do not interpret the term literally. *Sokaogon Gaming Enter. Corp. v. Tushie-Montgomery Assocs., Inc.,* 86 F.3d 656, 659 (7th Cir. 1996). "A question of law may be deemed 'controlling' if its resolution is quite likely to affect the further course of the litigation, even if not certain to do so." *Id.* (citations omitted)). The questions of law presented are arguably controlling since the Court ruled that IMS may not pursue several claims in this action because they are preempted by CUTSA. However, by this Decision and Order, IMS has been allowed to amend its Complaint which permits it to proceed with its breach of fiduciary duty, civil conspiracy, aiding and abetting breach of fiduciary duty, and negligent breach of the duty of care claims.

The third statutory criterion under § 1292(b) is that the question of law must be contestable; i.e., that "substantial ground[s] for a difference of opinion [on the issue exist]." The briefing of the motion to dismiss as well as the motion for reconsideration clearly support a finding that the issues are contestable. However, the Court's September 14, 2012, ruling is consistent with the majority of California courts that have ruled on the issue.

The fourth statutory criterion under § 1292(b), is its resolution will expedite the resolution of the litigation. It is on this criterion that IMS's proposed interlocutory appeal stumbles. This issue is a matter of California law and the role of courts applying substantive law in diversity actions to apply the law as would the highest court of that state, giving great weight to the determinations of intermediate appellate courts. *See Pisciotta v. Old Nat'l Bancorp,* 499 F.3d 629, 634-35 (7th Cir. 2007). Any ruling of the Seventh Circuit interpreting California law would be trumped by a subsequent definitive decision of a California court on the scope of CUTSA preemption. Therefore, the interlocutory appeal would not expedite the resolution of this litigation.

**Other Matters**

At this juncture of the proceedings, the Court will conduct a telephone status conference on January 10, 2013, at 2:30 p.m. (CST) to discuss whether a date for filing dispositive motions is needed and to set dates for the final pretrial conference and the two-week jury trial in this matter. The Court will initiate the call.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

IMS's motion for reconsideration, or in the alternative to amend, or in the alternative to certify this matter for an interlocutory appeal (ECF No. 136) is **GRANTED** with respect to amendment of the Complaint and **DENIED** in all other respects;

The Clerk of Court is directed to file IMS's proposed Third Amended Complaint (ECF No. 136-1);

The parties **MUST PARTICIPATE** in a telephone status conference on **January 10, 2013, at 2:30 p.m. (CST)**; and

The Clerk of Court is **DIRECTED** to file a copy of this Decision and Order in the '34 action.

Dated at Milwaukee, Wisconsin, this 6th day of December, 2012.

**BY THE COURT:**

**HON. RUDOLPH T. RANDA**
**U.S. District Judge**